UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

**JOEL HAYNES**

    **Plaintiff,**

vs.                                       CASE NO.

**AEROTEK, INC.**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, JOEL HAYNES, hereby sues Defendant, AEROTEK, INC., (hereinafter "Defendants") and alleges:

## NATURE OF THE ACTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## THE PARTIES

2. At all times pertinent hereto, Plaintiff, JOEL HAYNES, has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a member of a protected class due to his race (African-American) and he was retaliated against after complaining about disparate treatment relating to discrimination he experienced at his place of employment.

3.     At all times pertinent hereto, Defendant, AEROTEK, INC., with a principal address of 7301 Parkway Drive South, Hanover, MD 21076 has been organized and existing under the laws of the State of Maryland. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

4.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

5.     Plaintiff, a 59 year-old African-American male, was employed with Defendant beginning April 2019 as an equipment operator for Defendant.

6.     Defendant supplied staffing services and provided contract employees for their clients. In this matter, Defendant provided services for RES America Construction, Inc. ("RES") onsite at its solar fields.

7.     On or around, January 16, 2021, while working on the solar fields, Plaintiff began to experience racial discrimination.

8.     The Foreman for RES, Fabian (lnu), began calling Mr. Haynes "n*****" and making racial jokes. Mr. Haynes told him to stop but he continued.

9.     The following day, Mr. Haynes complained to safety coordinator, Roscoe Jones, and Mr. Jones asked who else heard this racial slander. Mr. Haynes advised Roscoe Jones that several of his coworkers heard the racial comments.

10. The racial comments continued and on or around February 22, 2021, Mr. Haynes met with Roscoe Jones and Kelly Sheffield, site manager, to complain about the ongoing discrimination and hostile work environment. He was told to forget about it, he was drawing to much attention to himself, and that he would not have a job if he continued to complain.

11. Roscoe Jones and Kelly Sheffield then spoke with Fabian. That same day Fabian retaliated against Mr. Haynes by completely changing his job duties and increasing his workload.

12. Mr. Haynes complained that he was being retaliated against.

13. On or around March 5, 2021 Roscoe wrote Mr. Haynes up and on March 10, 2021, Roscoe terminated Mr. Haynes.

14. Defendant's actions were willful and/or were in reckless disregard of the severity of the violations of law represented by the same.

15. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

16. Paragraphs 1 through 15 are re-alleged and incorporated herein by reference.

17. Plaintiff is member of a protected class due to his race.

18. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of his race in violation of Title VII.

19. Defendant knew or should have known of the discrimination.

20. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of

income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT II
## DISCRIMINATION/RETALIATION BASED ON RACE IN VIOLATION OF SECTION 1981

21. Paragraphs 1 through 15 are re-alleged and incorporated herein by reference.

22. Plaintiff is member of protected class under Section 1981 due to his race.

23. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of his race in violation of Section 1981.

24. Defendant knew or should have known of the discrimination.

25. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT III
## RETALIATION – IN VIOLATION OF TITLE VII

26. Paragraphs 1 through 15 are re-alleged and incorporated herein by reference.

27. Plaintiff is a member of a protected class under Title VII because he engaged in protected activities.

28. Plaintiff engaged in protected activity when he complained to safety coordinator, Roscoe Jones, site manager, Kelly Sheffield and RES Foreman, Fabian (lnu) about the disparate treatment Plaintiff was subjected to while at work.

29. Fabian's treatment of Plaintiff became worse after Plaintiff's complaints.

30. By the conduct described above, Defendant treated Plaintiff differently than his caucasian co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because he engaged in protected activities in violation of Title VII.

31. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected to.

32. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

33. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages as well as punitive damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 6th day of June 2022.

Respectfully submitted,

/s/ Thomas L. Dickens, III
TARA L. TIGHE, ESQ.
Maryland Bar No.: 19548
Morgan & Morgan, DC PLLC
1901 Pennsylvania Ave., NW, Suite 300
Washington, DC 20006
Telephone: (571) 357-7600
Direct: (571) 357-7598
Facsimile: (571) 357-7624
ttighe@forthepeople.com

/s/ Thomas L. Dickens, III
THOMAS L. DICKENS, III, ESQ. (*pro hac vice forthcoming*)
Florida Bar No.: 063687
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile:  (407) 204-2208
tdickens@forthepeople.com;
mfermaint@forthepeople.com